PEOPLE, PLAINTIFF AND APPELLEE, *v.* LIMARDO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 328 of the Penal Code.

No. 1572.—Decided January 24, 1921.

PUBLIC SAFETY—AUTOMOBILES—NEGLIGENCE—COLLISION.—A horse can not be considered as excluded from the meaning of the words ''thing or object'' as used in section 328 of the Penal Code, amended by Act No. 51 of 1916. Hence, where a horse is struck by an automobile as a result of the criminal negligence of the driver of the automobile and, as a consequence thereof, a child falls to the ground and is killed, the said driver is guilty of the crime defined and penalized by the said statute.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The only error assigned in this case is that section 328 of the Penal Code as amended does not apply to a case where a horse is struck by an automobile and, as a consequence thereof, a child falls to the ground and is killed. The theory is that a horse is not a thing or object within the intendment of the law.

Section 328 of the Penal Code as amended reads:

''Every conductor, engineer, brakeman, switchman, or other person having charge wholly or in part of any railroad car, locomotive, automobile, train or steamboat, and any train dispatcher, telegraph operator, station agent, or other person wholly or in part charged with the duty of dispatching or directing the movements of any such car, locomotive, automobile, train or steamboat, who, through gross negligence or carelessness, suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat, or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.

"If as a consequence of the collision, injury is suffered by any person, such conductor, engineer, brakeman, switchman or other person shall be punishable by imprisonment in jail for a maximum term of two years, or by a maximum fine of one thousand dollars, or by both penalties in the discretion of the court."

The original object of this statute, as we apprehend it, was to protect passengers in trains and other vehicles from the effects of collisions and to make engineers and other conductors of vehicles responsible for their negligence where any person was injured as a consequence of such a collision. If the jurisprudence be examined it will be seen that cases of negligence also arise where collisions take place between trains and animals causing injuries to passengers. An animal is property. It is a subject of sale and barter. A herd of cattle on the track would surely be things or objects. If a man is traveling with a horse and buggy and a train or automobile strikes the horse and not the buggy, could it be said that the striking of the horse and not the buggy took the case out of the intendment of the statute? We find nothing in the reason of the law or in its terms which would allow us to say that a horse is not a thing or object. By taking the word "object" or "thing" in connection with other words used in the statute, they would particularly relate to any body found on the road.

In *People* v. *González*, 24 P. R. R. 573, we held that where an automobile negligently struck a person such a neglect was not plainly within the contemplation of the law. A person struck and injured by a vehicle is not injured as the result of a collision with a thing or object. Where a force is put into effect which directly kills or injures a person it may be doubted if this is primarily a collision as the word "collision" is generally understood. A careless killing by a vehicle (*People* v. *Blandford*, 23 P. R. R. 580), or a careless injury (*People* v. *Astacio*, 23 P. R. R. 783), is directly reached by the law. Section 328 presupposes an impact between

two objects or things whereby a person, who is not one of the colliding bodies, is killed or injured.

We do not see how the case of *People* v. *Lebrón,* 26 P. R. R. 382, is of guiding force here. We held that where a person was injured by reason of an impact with a wall, section 328 applied. It is true that we said that the word "object" tended to exclude the idea of a moving body, but the plain inference from the whole opinion was that a "thing" could include a moving body. We were holding that a wall was one of the objects brought within the purview of the statute. A horse is surely a thing and a collision between a horse and a vehicle is a collision plainly within the mischief denounced by the statute.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.